Opinion
EAGLESON, J.
We hold that an employer’s group health insurer is not required to provide individual health coverage to a former employee who received a certificate notifying him of his privilege to convert his group coverage to individual coverage because he failed to apply for such coverage within 31 days after his group insurance terminated. The summary judgment entered in favor of respondent Mutual Benefit Life Insurance Company is therefore affirmed.
*383 Facts
On April 1, 1982, respondent provided major medical insurance coverage to the employees of United Bus Corporation. As an employee of United, appellant John Caldwell received a certificate explaining the types of coverage available under the policy. The certificate described, among other things, appellant’s right to convert his group coverage to individual coverage within 31 days following termination of his group insurance.
On March 25, 1983, appellant’s employment with United terminated. Other than the information contained in the certificate, appellant was not notified of his right to purchase an individual policy. Appellant never requested such coverage from respondent.
Discussion
A comprehensive statutory scheme governs the availability of conversion health coverage. (Ins. Code, § 12670 et seq.) In general, employers and insurers must allow an employee to convert to an individual policy when his eligibility under a group policy terminates. In imposing this requirement, the Legislature expressly intended to ensure that such individuals “have access to minimum benefits.” (Ins. Code, § 12670.)
Appellant contends that, to further this intent, an insurer must provide coverage to an employee who was not notified by the employer of his right to purchase such coverage. Appellant claims that the insurer must remind the employer to notify the employee of his conversion privileges. Since respondent purportedly did not provide United with this information, appellant claims he is entitled to enforce his right to coverage against respondent.
To address this argument, we rely on general principles of statutory construction. The court turns “ ‘first to the words themselves for the answer. ’ [Citation.] We are required to give effect to statutes ‘according to the usual, ordinary import of the language employed in framing them.’ [Citations.]” (Moyer v. Workmen’s Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].)
The general rule in California is that the employer is merely the agent of the insurer in performing the duties of administering group health insurance policies. (Metropolitan Life Ins. Co. v. State Bd. of Equalization (1982) 32 Cal.3d 649, 659 [186 Cal.Rptr. 578, 652 P.2d 426].) Accordingly, insurers have been held responsible for various administrative mistakes made by employers. (Elfstrom v. New York Life Ins. Co. (1967) 67 Cal.2d *384 503 [63 Cal.Rptr. 35, 432 P.2d 731]; Bareno v. Employers Life Ins. Co. (1972) 7 Cal.3d 875 [103 Cal.Rptr. 865, 500 P.2d 889]; Bass v. John Hancock Mut. Life Ins. Co. (1974) 10 Cal.3d 792 [112 Cal.Rptr. 195, 518 P.2d 1147].)
The Legislature, however, has carved out a clear exception to this rule in the area of conversion health coverage. Insurance Code section 12689 states: “A notification of the conversion coverage shall be included in each certificate of coverage or other legally required document explaining coverage; provided, however, that it shall be the sole responsibility of the policyholder to notify its employees ... of the availability, terms and conditions of conversion coverage which responsibility shall be satisfied by notification within 15 days of termination of group coverage. . . . [T]he policyholder shall not be deemed to be the agent of the insurer for purposes of notification of the availability, terms and conditions of conversion coverage.” (Italics added.) In other words, the insurer need only issue a certificate explaining the availability of conversion coverage, and is not responsible for the employer’s breach of its statutorily-imposed duty to notify the former employee.
Additionally, the Legislature has placed the burden of applying for such coverage on the employee. Insurance Code section 12674 requires the employee give a “written application and the first premium payment for the conversion policy ... to the insurer not later than 31 days after the termination of insurance . . . .”
In light of these two sections, respondent is not required to provide coverage. Appellant admitted receiving a certificate of insurance when he first enrolled under the policy. The certificate informed him of his conversion rights and the procedure for exercising them. Appellant, however, did not apply for coverage within the 31-day period following termination of his group coverage.
Disposition
The judgment is affirmed. Respondent’s request for sanctions on the grounds that the appeal is frivolous is denied.
Feinerman, P. J., and Hastings, J., concurred.